IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN FREEMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROCOLLECT, INC., )<br>)<br>Defendant. ) | Civil Action No. _____<br><br>*Jury Trial Demanded* |

## COMPLAINT

COMES NOW, JOHN FREEMAN, Plaintiff in the above-styled civil action and files this, his Complaint pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendant PROCOLLECT, INC. In support thereof, Plaintiff respectfully shows this honorable Court as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

2.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

3.  Plaintiff John Freeman ("Plaintiff") is a natural person who at all relevant times resided in League City, Texas (Galveston County).

4.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.  Defendant ProCollect, Inc. ("Defendant") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

6.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.  Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

8.  Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes, to wit: an alleged consumer utility account with GEXA (the "Debt").

9.  Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

10. Defendant, in connection with the collection of the Debt, placed a call to Plaintiff's cellular telephone on or about October 13, 2014 at 2:35 P.M., and at that time, left a pre-recorded message for Plaintiff.

11. In response to Defendant's pre-recorded message, Plaintiff placed a return call to Defendant on October 13, 2015, and at that time, demanded that Defendant cease and desist from placing any and all further telephone calls to him.

12. Despite Plaintiff's demand that Defendant cease and desist from placing

any and all further calls to him, Defendant continued to place calls to Plaintiff's cellular phone in connection with the collection of the Debt, including, but not limited to, calls placed on November 24, 2014 at 2:35 P.M., December 2, 2014 at 2:36 P.M., and December 12, 2014 at 12:48 P.M.

13. During one of the above-referenced communications, Defendant, via its agent and/or employee, stated to Plaintiff: "[I] pay my bills, why don't you pay your bills?"

14. Also during said communication, Defendant, via its agent and/or employee, referred to Plaintiff as a "deadbeat."

15. Defendant then placed yet another call to Plaintiff's cellular phone on December 15, 2014.

16. In response to Defendant's December 15, 2014 call, Plaintiff initiated two communications with Defendant via an online "chat room" hosted by Defendant, and in each such communication, again demanded that Defendant cease and desist from placing any and all further telephone calls to him. (*See* Online Chat Room Transcript, attached as Exhibit A).

17. Despite Plaintiff's December 15, 2014 renewed demands that Defendant cease and desist from placing any and all further telephone calls to him, Defendant continued to place such calls to Plaintiff's cellular phone, including, but not limited to: calls placed on December 19, 2014 at 11:49 A.M. and December 22, 2014 at 1:31 P.M.

18. Defendant placed the above-described calls to a telephone number assigned to a cellular telephone service.

19. Upon information and good-faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial phone numbers without human intervention.

20. Upon information and good-faith belief, Defendant used such hardware and software to place the calls described above to Plaintiff's cellular telephone.

21. Defendant did not place any telephone calls to Plaintiff's cellular telephone for emergency purposes.

22. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above willfully and knowingly, meaning that Defendant consciously and deliberately made the calls referenced herein.

23. Defendant placed telephone calls to Plaintiff's cellular telephone under its own free will.

24. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone.

25. Upon information and good-faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls described above.

26. In addition, and upon information and good-faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls described above to Plaintiff.

27. Upon information and good-faith belief, Defendant maintains business records that will evidence all calls Defendant placed to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

28. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

29. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing telephone calls to Plaintiff at places and times that Defendant knew, or should have known, were inconvenient to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c. Awarding Plaintiff actual damages, if any, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e. Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(c)

30. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

31. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after receiving written communication from Plaintiff demanding that Defendant cease and desist from communicating with Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c. Awarding Plaintiff actual damages, if any, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e. Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(2)

32. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

33. Defendant violated 15 U.S.C. § 1692d(2) by using language in connection with the collection of the Debt the natural consequence of which was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c. Awarding Plaintiff actual damages, if any, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e. Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692d(5)

34. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

35. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

  c. Awarding Plaintiff actual damages, if any, pursuant to 15 U.S.C. § 1692k(a)(1);

  d. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

  e. Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

36. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

37. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a. Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

  b. Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

  c. In the alternative, awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

  d. Awarding Plaintiff actual damages, if any, pursuant to 47 U.S.C. § 227(b)(3)(B);

e. Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

38. Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: April 2, 2015.

Respectfully submitted,

/s/Dennis R. Kurz
Dennis R. Kurz, *of-counsel*
Texas Bar No. 24068183
The Law Office of Craig J. Ehrlich, LLC
100 Highland Park, Suite 200
Dallas, Texas 75025
Tel: (844) 534-9984, ext. 302
Fax: (855) 415-2480
Dennis@FDCPALawyerOnline.com

*Please Send Correspondence to:*

The Law Office of Craig J. Ehrlich, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345